IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIRK A. POPE, JR.,<br><br>                 Plaintiff,<br><br>        v.<br><br>ERIC D. SWANSON, individually and in his official capacity as Sussex County Sherriff; and SUSSEX COUNTY, a municipal corporation.<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 07-652-XXX<br>)<br>)<br>)<br>)  Jury Trial Demanded<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants hereby state their answer, general and specific denials, defenses and affirmative defenses to Plaintiff's Complaint.

**Responding to Allegations in the Complaint**

1.    Admitted that Defendant Sussex County is a municipal corporation organized under the laws of the State of Delaware and that Defendant Swanson is the elected Sheriff of Sussex County, Delaware. Admitted that jurisdiction and venue over Plaintiff's claims are proper in this Court and that service of the Complaint has been properly made.

2.    Admitted upon information and belief that Plaintiff is a United States citizen and a resident of Lewes, Delaware. Admitted that Plaintiff was employed with Defendant Sussex County as a Corporal in the Sheriff's Office. Admitted that Plaintiff's job duties included, among others, certain responsibilities involving Information Technology and as a firearms instructor. Admitted that Plaintiff's employment was terminated effective January 1, 2007, and that the position of Corporal was eliminated.

3. Defendants are without sufficient information to admit or deny the allegations contained in Paragraphs 44-47.

4. Paragraphs 17-30 of the Complaint are conclusions of law to which no response is required.

5. Defendants specifically deny that they violated the Plaintiff's rights under the First Amendment to the United States Constitution. By way of further answer, Defendants deny that Plaintiff's political beliefs , speech, or association was a substantial or motivating factor in the decision to terminate Plaintiff's employment. Defendants further deny including the allegation that Defendant Swanson is subject to individual liability pursuant to 42 U.S.C. § 1983 ("Section 1983).

6. Defendants likewise deny that they violated the First, Ninth, or Fourteenth Amendments in connection with Plaintiff's right to vote. By way of further answer, a claim asserting interference with the right to vote is not properly asserted under any of the three amendments provided above.

7. It is further denied that Defendant Sussex County or Defendant Swanson are liable to Plaintiff in any respect for compensatory or economic damages, attorney's fees, costs, or pre- or post-judgment interest.

8. Defendants likewise deny that they violated any common law or other duty to Plaintiff. It is further denied that Defendants committed any wrongful act, that Plaintiff has incurred any damage or harm caused by Defendants, and that any legal, equitable or other relief of any kind is due Plaintiff.

**Failure to State a Claim**

9. The complaint fails to state a claim for which relief can be granted.

### No Punitive Damages Under 42 U.S.C. § 1983

10. Plaintiff's claim for punitive damages fails because such damages are not available under Section 1983.

### Qualified Immunity

11. Defendants are immune from suit pursuant to the doctrine of qualified immunity.

### Failure to Mitigate Damages

12. Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

### After-Acquired Evidence

13. Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### Good Faith and Reasonableness

14. Plaintiff's claims are barred because, at all times, Defendants made a good faith effort to comply with applicable law; and Defendants acted lawfully and with legitimate, non-discriminatory intent that was not a pretext for unlawful discrimination.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, and with costs and attorney's fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby (No. 1016)
Margaret M. DiBianca (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3314
E-mail: bwilloughby@ycst.com

*Attorneys for Defendants Sussex County and Eric Swanson*

Dated: February 26, 2008